IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL CASE NO. 1:13-cr-127-JEC-JSA |
| WILLIAM JAMES WILKINS-01, MICHAEL ANTHONY FAIRNOT-WOODS-02, | |
| Defendants. | |

**ORDER**

This case is before the Court on Magistrate Judge Anand's Order And Report And Recommendation ("R&R") [92], defendant's Objections To The Magistrate's Report And Recommendation [95], and the Government's Motion In Limine For An Evidentiary Hearing To Admit Intrinsic Evidence Or, In The Alternative, Rule 404(B) Evidence [106].

As to the R&R [92], which recommended denial of defendants' motions to suppress the defendants' statements and evidence, defendant Wilkins filed objections [95] and defendant Fairnot-Woods filed a motion to adopt those objections [96]. The Court **GRANTS** the latter motions. As to the Objections, the Court has considered them, but concludes that the magistrate judge reached the correct decision and therefore adopts the R&R and denies defendants' suppression motions.

As to the Government's Motion In Limine [106], the Government

AO 72A
(Rev.8/82)

has filed a motion in limine seeking an evidentiary hearing to admit at trial evidence of uncharged offenses committed by the defendants. The Government contends that these offenses are admissible either as "intrinsic acts" evidence or Rule 404(b) evidence. The Government seeks a hearing in advance of trial.

A decision whether to admit such proffered evidence is very fact-specific. Accordingly, before the Court can decide whether an evidentiary hearing is necessary or whether, instead, the issue can be decided on the pleadings, the Court directs the Government to file a supplemental motion setting out specifically the offenses that the Government seeks to introduce, the dates, the evidence that the Government would offer to prove that defendants committed the offense, the reasons why the Government contends the evidence is intrinsic or admissible under Rule 404(b), and any case law relevant to this issue.

The Government shall file a supplemental motion by **August 4**; defendants shall file a response by **August 25, 2014**.[1] Upon review, the Court will determine whether an evidentiary hearing is necessary to decide the motion. Excludable time shall continue from the date of filing of the present motion until its resolution, pursuant to 18

---

[1] The Court is aware that counsel for the Government has a leave of absence until July 11 and that defense counsel has a leave throughout most of the rest of the month of July.

2

U.S.C. § 3161(h)(1)(D)(delay resulting from filing of motion).  The Court finds that the ends of justice served by the granted of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

    SO ORDERED, this 7th day of JULY, 2014.

                                            /s/ Julie E. Carnes
                                            JULIE E. CARNES
                                            CHIEF UNITED STATES DISTRICT JUDGE